RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0038p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

        *v.*

JONATHAN JAMES BOWMAN,
                *Defendant-Appellant.*

No. 09-1068

_____

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 08-00166-001—Robert Holmes Bell, District Judge.

Argued: January 19, 2011

Decided and Filed: February 7, 2011

Before: SILER, GILMAN, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Joseph M. West, LAW OFFICE OF JOSEPH M. WEST, P.C., Ann Arbor, Michigan, for Appellant. Clay Stiffler, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Joseph M. West, LAW OFFICE OF JOSEPH M. WEST, P.C., Ann Arbor, Michigan, for Appellant. Clay Stiffler, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge. Jonathan James Bowman pled guilty to one count charging him with the possession and distribution of the drug ecstasy, and to a second count charging him with the distribution of a substance containing BZP, all in violation of federal law. At the time that he was sentenced for these offenses,

1

Bowman was serving an undischarged state sentence for the violation of his probationary status with the state of Michigan.

The district court sentenced him to 120 months' imprisonment for each federal offense and ordered that these sentences run concurrently to each other, but consecutive to his undischarged state sentence. Bowman's primary argument on appeal is that the court erred in concluding that it was required to order that the federal and state sentences be served consecutively. In response, the government argues that this appeal is barred by Bowman's appellate waiver, which is part of his written plea agreement. For the reasons set forth below, we **VACATE** the judgment of the district court and **REMAND** the case for resentencing consistent with this opinion.

## I. BACKGROUND

In May 2006, Bowman was charged in the 17th Judicial Circuit Court for Kent County in Grand Rapids, Michigan with three controlled-substance violations. He was charged in the same state court with an additional three controlled-substance violations in July 2006. Bowman pled guilty to one count of delivering or manufacturing less than 50 grams of cocaine for each of these incidences. The court sentenced Bowman to 72 days in jail and 5 years of probation for the first group of offenses, and to 12 months in jail and 5 years of probation for the second group. Sometime in 2007, Bowman was released from jail for the state controlled-substance offenses.

Bowman later distributed substances containing ecstasy and BZP in violation of federal law while he was on probation for his state offenses. In July 2008, he was indicted on six counts for these violations in the Western District of Michigan. Bowman pled guilty to Count One for conspiracy to distribute ecstasy and to possession with the intent to distribute the drug, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and to Count Six for distribution of a substance containing BZP, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C), all pursuant to a written plea agreement. Before Bowman was sentenced for his federal offenses, the state court revoked his probation and sentenced him to 46 to 480 months of imprisonment on each

of his two earlier state convictions.  The two state-court sentences were to be served consecutively.

According to the Presentence Report (PSR), Bowman's initial offense level was 32, which was reduced two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and by a third level for a timely guilty plea under U.S.S.G. § 3E1.1(b).  This resulted in a revised offense level of 29.  Based on offense level 29 and criminal history category VI, the Guidelines range was 151 to 188 months of imprisonment.  The PSR also noted that the district court had the discretion under U.S.S.G. § 5G1.3(c) to sentence Bowman either concurrently or consecutively to the undischarged term of imprisonment that he was already serving for the unrelated state probation violations.  Neither the government nor Bowman objected to the content of the PSR.

The federal sentence at issue in this appeal was imposed in December 2008.  At sentencing, the district court granted Bowman an additional three-level downward departure under U.S.S.G. § 5K1.1 for his substantial assistance to the government in two unrelated matters.  Bowman's final offense level was thus 26 and his new Guidelines range was 120 to 150 months of imprisonment.  The court sentenced Bowman at the low end of the range to 120 months' imprisonment for each of the two federal offenses.  It ordered that the federal sentences run concurrently to each other, but consecutive to the state court's sentences for Bowman's probation violations.

In announcing the sentence, the court stated that

> I've got to sentence you consecutively to the 17th Circuit of Kent County . . . .  But it seems to me that it's appropriate in this case in light of the need not only to evidence the fact that we've got to stop this criminal cycle, but also that we have to provide you with some meaningful educational and correctional treatment . . . .

In imposing the consecutive sentence, the district court required Bowman to receive substance-abuse treatment, to participate in a mental-health support group, and to receive education and vocational training.  At the close of sentencing, the court asked both the

government and Bowman if they had "[a]ny legal objection to the sentence imposed." Both parties stated that they did not.

Bowman now appeals his sentence. He makes four arguments: (1) that the district court erred in concluding that Bowman's federal sentence had to run consecutively to his state-court sentences, (2) that the court failed to "conduct a proper analysis of factors relevant to the decision to impose a consecutive sentence," (3) that "if the Court concludes that the plain-error standard of review applies on appeal due to the failure of Mr. Bowman's counsel to object at sentencing," then Bowman is entitled to resentencing due to the ineffective assistance of counsel, and (4) that the court committed plain error by treating Bowman's sentence of imprisonment in the federal system as a means of promoting his rehabilitation, in violation of 18 U.S.C. § 3582(a).

The government argues in its motion to dismiss and in its appellate brief that Bowman waived his right to raise these arguments on appeal "because he knowingly and voluntarily entered into a written plea agreement that contained a valid appellate waiver encompassing those issues." Bowman's plea agreement provides in relevant part as follows:

> The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal any sentence which is at or below the maximum of the guideline range as determined by the court. The Defendant retains the right to appeal a sentence above the guideline range. This waiver is in exchange for the concessions made by the U.S. Attorney's Office in this plea agreement. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255.

In response, Bowman argues that "(1) the issues raised in this appeal are outside the scope of the waiver, and (2) enforcing the waiver would be a miscarriage of justice in light of controlling authority holding that the district court's conduct constituted plain error with presumed prejudice." Bowman does not dispute that he entered into the plea agreement freely and voluntarily.

## II.  ANALYSIS

### A.  Bowman's appellate waiver

As a preliminary matter, we must determine whether Bowman's written plea agreement precludes him from raising the arguments that he presents on appeal.  "Plea agreements are contractual in nature, so we use traditional contract law principles in interpreting and enforcing them."  *United States v. Harris*, 473 F.3d 222, 225 (6th Cir. 2006).  "But because plea agreements' constitutional and supervisory implications raise concerns over and above those present in the traditional contract context, in interpreting such agreements we 'hold the government to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in the plea agreements.'"  *Id.* (alterations omitted) (quoting *United States v. Johnson*, 979 F.2d 396, 399 (6th Cir. 1992)).  Ambiguities in a plea agreement are therefore construed against the government, especially because the government can take steps in drafting a plea agreement to avoid imprecision.  *United States v. Fitch*, 282 F.3d 364, 367–68 (6th Cir. 2002).

Bowman's plea agreement states, in general terms, that he may not challenge on direct appeal "any sentence which is at or below the maximum of the guideline range as determined by the Court."  The issue here is whether this language covers a challenge under U.S.S.G. § 5G1.3(c) to the district court's imposition of a federal sentence that runs consecutively to an undischarged state sentence.  (Section 5G1.3(c) gives the district court the discretion to impose a federal sentence either concurrently or consecutively to an undischarged sentence.)  No reference is made to either the state sentence or to U.S.S.G. § 5G1.3(c) in the plea agreement.  The government could have avoided any imprecision on this issue by including language that would have precluded Bowman from challenging the district court's application of U.S.S.G. § 5G1.3, but it did not do so.  Bowman thus has a strong argument that the plea agreement is ambiguous on this issue.

In addition, the Second Circuit case of *United States v. Brown*, 232 F.3d 44, 46 (2d Cir. 2000), supports the conclusion that Bowman's challenge to the imposition of

a consecutive sentence is outside the scope of his appellate waiver. The defendant in *Brown* waived his right to appeal any sentence within or below the stipulated Guidelines range. Despite Brown's sentence being within the stipulated Guidelines range, the Second Circuit held that the appellate waiver "did not encompass his right to appeal the district court's application of U.S.S.G. § 5G1.3." *Id.* at 48; *see also United States v. Stearns*, 479 F.3d 175, 178 (2d Cir. 2007) (construing an appellate waiver narrowly to hold that "although Stearns explicitly waived his right to appeal the length of his sentence, he did not waive the right to appeal the decision to impose that sentence partially concurrently with his state sentence"). We have found no published authority with comparable facts that holds to the contrary. Moreover, a result consistent with the current decision was reached in the unreported case of *United States v. McCree*, 299 F. App'x 481, 482–83 (6th Cir. 2008), where this court assumed without deciding that a challenge to the district court's imposition of a consecutive sentence was not barred by McCree's appellate waiver, the terms of which were essentially the same as those present here.

Bowman also argues on appeal that the district court improperly considered rehabilitative goals in determining his sentence. He asserts that the district court's rationale for imposing a 120-month sentence, which would be served entirely within the federal system, was to ensure that Bowman benefitted from rehabilitative programs available to him in federal prison. If the court had imposed Bowman's sentence concurrently with his undischarged state sentence, the time that Bowman spent in federal prison would be reduced. Because this argument relates to the court's imposition of a consecutive federal sentence, it is also outside of Bowman's appellate waiver. We therefore hold that Bowman's challenge to the district court's imposition of a federal sentence consecutive to his state sentence is not barred by his plea agreement.

**B.  The district court failed to recognize its discretion under U.S.S.G. § 5G1.3(c)**

### 1.  Standard of review

"A challenge to a court's decision to impose a consecutive or concurrent sentence is not easily classified as substantive or procedural.  This is so because an evaluation of the substantive reasonableness of a decision to impose a consecutive sentence depends heavily upon an evaluation of the procedural reasonableness." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009) (internal quotation marks omitted).  Bowman argues on appeal that this court should review de novo the district court's decision to impose a consecutive sentence.  Conversely, the government argues that the plain-error standard of review applies to Bowman's challenge to the consecutive nature of his sentence because such a challenge is a procedural issue that Bowman waived by failing to object at sentencing.

Whether the plain-error standard of review is applicable here is unclear.  But we need not decide which standard should apply because, even under the plain-error standard, we are bound to remand this case for resentencing in light of *United States v. Gibbs*, 506 F.3d 479, 488 (6th Cir. 2007), which held that the district court's statement that U.S.S.G. § 5G1.3(c) requires the imposition of a federal sentence to be served consecutively to a state sentence constitutes plain error.  We will therefore assume, without deciding, that the plain-error standard of review applies.

### 2.  Application of U.S.S.G. § 5G1.3(c)

Both Bowman and the government agree that the district court's decision of whether to impose a consecutive or a concurrent sentence in this case is governed by U.S.S.G. § 5G1.3(c).  Section 5G1.3(c), which is designated as a policy statement, provides that, "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  Bowman argues that the district court's statements that "I've got to sentence you consecutively to the 17th Circuit of

Kent County" and "[o]n both of [the state matters] you've already been sentenced, so my sentence is going to be consecutive to that one" constitute plain error because the district court mistakenly believed that U.S.S.G.§ 5G1.3(c) requires the imposition of a consecutive sentence. In response, the government argues that even if the district court incorrectly believed that it lacked the discretion to impose a concurrent sentence, "its expressed view that a consecutive sentence was warranted here demonstrates that the subjective decision of the district court would remain the same if the error had not occurred."

The district court statements at issue in this case mirror the statements that were challenged in *Gibbs*. In that case, the same district court as the one involved here stated that, under U.S.S.G. § 5G1.3(c), the federal sentence it was announcing "must be consecutive to the state sentence" already imposed. This court in *Gibbs* held that the district court's ruling constituted plain error because the explicit language of U.S.S.G. § 5G1.3(c) grants the court discretion to impose either a concurrent or a consecutive sentence. *Id.* at 487–88. In addition, this court stated that "where the district court believes that an aspect of the Guidelines is mandatory, there is a presumption of prejudice to the substantial rights of the defendant, and a remand for resentencing is required." *Id* at 488. The *Gibbs* court explained "that prejudice is presumed because the district court's failure to recognize its discretion in sentencing renders it impossible for the defendant 'to show that the subjective decision of the court would have been different if the error had not occurred.'" *Id.* (relying on *United States v. Trammel*, 404 F.3d 397, 402 (6th Cir. 2005) to reach this conclusion).

On the other hand, the trial record in some cases might well contain "clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence." *United States v. Barnett*, 398 F.3d 516, 529 (6th Cir. 2005) (acknowledging that the record in some cases might contain sufficient evidence to rebut the presumption that the defendant's substantial rights had been affected even though he was sentenced under a pre-*Booker* mandatory Guidelines regime, but holding that the trial record before it did not contain such evidence). The type of evidence

sufficient to rebut the presumption of presumed prejudice, moreover, will be found only in "rare cases." *United States v. Mooneyham*, 473 F.3d 280, 295 (6th Cir. 2007) (concluding that even though the district court provided strong statements to support a top-of-the-Guidelines sentence, this was not one of the rare cases in which the evidence was sufficient to overcome the presumption of prejudice that resulted from the fact that the defendant was sentenced under a mandatory Guidelines regime).

Like the defendant in *Trammel*, Bowman was sentenced at the very bottom of the applicable Guidelines range, which suggests that there is an even greater chance that the district court would have sentenced him to a lower sentence if it had recognized that consecutive sentences are not mandatory under U.S.S.G. § 5G1.3(c). *See Trammel*, 404 F.3d at 402 (concluding that because the defendant was sentenced at the bottom of the Guidelines range, there was a strong chance that the district court would have sentenced Trammel to an even lower sentence if it had known that the Guidelines were advisory).

Further, the sentencing transcript in this case does not provide "clear and specific evidence" that the district court would not have, under any circumstances, sentenced Bowman to serve his federal sentence concurrent or partially concurrent to his state sentence had it known that it had the discretion to do so under U.S.S.G. § 5G1.3(c). The government disputes this argument, pointing out that the court immediately stated, after announcing that it was required to impose a consecutive sentence, that "it seems to me that it's appropriate in this case." But the court's tentative "it seems to me" statement justifying the consecutive sentence does not present clear and specific evidence that it would have imposed such a sentence in the absence of its legal error regarding the purported lack of discretion under U.S.S.G. § 5G1.3(c). *See Mooneyham*, 473 F.3d at 295. Contrary to the government's contention, therefore, the court's after-the-fact justification for the imposition of a consecutive sentence does not overcome the presumed prejudice to Bowman's substantial rights that resulted from the court's misunderstanding of its discretion under U.S.S.G. § 5G1.3(c) in the first instance.

**C. Consideration of rehabilitative goals in sentencing**

Finally, Bowman argues that the district court committed plain error by considering a lengthy federal imprisonment as a means of promoting his rehabilitation. This issue is now moot in light of our decision to remand the case for resentencing, but we deem a brief discussion of the issue helpful as guidance for the district court on remand.

A circuit split exists on the issue of whether a sentencing court can consider a defendant's need for rehabilitation in determining the length of the prison term that should be imposed. *See In re Sealed Case*, 573 F.3d 844, 848–49 (D.C. Cir. 2009) (collecting cases). And the government, in a supplemental Rule 28(j) letter, now takes the position that a district court may not consider the need for rehabilitation at a defendant's initial sentencing.

This circuit, however, has "construed [18 U.S.C.] § 3582(a) as barring the sentencing court from choosing prison, rather than a non-incarceration sentence, to promote rehabilitation, but allowing the court to select a longer prison term to promote rehabilitation." *United States v. Jimenez*, 605 F.3d 415, 424 (6th Cir. 2010); *accord United States v. Jackson*, 70 F.3d 874, 879–80 (6th Cir. 1995) (holding that a court "may consider rehabilitative goals in determining where to sentence a defendant within a particular guideline range"). The district court in this case considered the need to "stop [Bowman's] criminal cycle," as well as "provide [him] with some meaningful educational and correctional treatment." Bowman has in fact acknowledged that *Jackson* permits a district court within this circuit to consider rehabilitative goals during sentencing, but nevertheless raises the issue to preserve his claim in the event that we revisit the issue en banc or the Supreme Court resolves the issue in his favor.

### III. CONCLUSION

For all the reasons set forth above, we **VACATE** the judgment of the district court and **REMAND** the case for resentencing consistent with this opinion.