NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1024n.06

No. 11-3071

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Sep 21, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| DEWAYNE D. ELLIS, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |

BEFORE:  NORRIS, McKEAGUE, and KETHLEDGE, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Pursuant to a written agreement, Dewayne D. Ellis

pleaded guilty to possession of "50 grams or more" of crack cocaine with the intent to distribute in

violation of 21 U.S.C. § 841.  At a sentencing hearing, the district court applied the so-called "crack

cocaine" amendments of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3,

2010), which had gone into effect after Ellis's offense but before the hearing, to reduce Ellis's

applicable guidelines range.  The court then imposed a total sentence of 110 months, the low end of

the reduced range.

The government filed a notice of appeal from the district court's judgment, challenging the

court's application of the Fair Sentencing Act.  Shortly thereafter, Ellis filed a notice of appeal.  In

his cross appeal, Ellis argues that the district court erred by enhancing his sentence for obstruction

of justice while denying him a downward adjustment for acceptance of responsibility.  He further

argues that the district court should have applied a fifteen-month credit against his federal sentence for time spent in state custody on an unrelated conviction.

The government later voluntarily dismissed its appeal in accordance with a directive from the Attorney General changing the government's official litigating position with regards to the Fair Sentencing Act. The government then filed a motion to dismiss Ellis's cross appeal based upon an appellate waiver provision contained in his plea agreement. This waiver limited Ellis's right of appeal to any punishment in excess of either the statutory maximum penalty or the maximum sentencing range as determined by the advisory sentencing guidelines.

For the reasons outlined below, we grant the government's motion and dismiss this appeal.

**I.**

We review *de novo* whether a defendant waived his right to appeal his sentence in a valid plea agreement. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). Any ambiguities or imprecisions in a plea agreement are construed against the government. *United States v. Fitch*, 282 F.3d 364, 367—68 (6th Cir. 2002). When a defendant waives his right to appeal his sentence in a valid plea agreement, we are bound by that agreement and will not review the sentence except in limited circumstances. *Smith*, 344 F.3d at 483.

Ellis does not contend that his appeal falls within the terms of either exception to his waiver. Instead, he argues that because the waiver does not "contain any language as to Appellant's right to cross appeal" and the government "could have avoided any 'imprecision' as to Appellant's right to cross appeal by including language . . . precluding" a cross appeal, his appeal is not barred.

Since Ellis disputes only that a *cross* appeal is covered by his agreement not to "appeal the conviction or sentence," the substance of his argument must be that his *cross* appeal is somehow not an appeal. That argument need not delay us long. In his notice of appeal, Ellis clearly expressed his intention to "appeal[] . . . from the sentencing judgment entered on November 30, 2010." He raises numerous challenges to his within-Guidelines sentence in his appellate brief and, as the government voluntarily dismissed its appeal over a year ago, Ellis is proceeding as the sole appellant.

In support of his contention that he may appeal due to the absence of the word "cross" in the waiver, Ellis relies entirely on *United States v. Bowman,* 634 F.3d 357 (6th Cir. 2011). In *Bowman*, the defendant entered into a waiver that precluded his appealing "any sentence which is at or below the maximum of the guidelines range as determined by the Court." *Id.* at 361. He nonetheless sought to appeal his within-Guidelines sentence, arguing that the district court improperly imposed his federal sentence consecutively to existing state sentences pursuant to U.S.S.G. § 5G1.3(c). *Id.* at 360. The government moved to dismiss his appeal based on the waiver. *Id.* The defendant responded that he was not seeking to appeal the federal sentence itself, as that would have fallen within the waiver, but, instead, he was appealing only the district court's decision to have his federal sentence run consecutively to his state sentences. *Id.* at 360—61. We agreed with Bowman that the appellate waiver did not unambiguously bar the appeal:

> The issue here is whether [the language of the plea agreement] covers a challenge under U.S.S.G. § 5G1.3(c) to the district court's imposition of a federal sentence that runs consecutively to an undischarged state sentence. . . . No reference is made to either the state sentence or to U.S.S.G. § 5G1.3(c) in the plea agreement. The government could have avoided any imprecision on this issue by including language that would have precluded Bowman from challenging the district court's application

of U.S.S.G. § 5G1.3, but it did not do so. Bowman thus has a strong argument that
the plea agreement is ambiguous on this issue.

*Id.* at 361.

Here, although Ellis's appellate waiver is silent as to "cross appeals," there is no ambiguity.

Whether styled as an appeal or as a cross appeal, the effect is the same: a challenge to the defendant's

sentence. This is precisely what the appellate waiver provision precludes, with limited exceptions

not at issue here. Ellis entered into a knowing and voluntary agreement and received a favorable

sentence under the advisory guidelines. Absent ambiguity–and there is none–he cannot pick and

choose among the various provisions of his plea agreement as he seeks to do now. We hold that

Ellis waived his right to appeal.

## II.

The motion to dismiss the defendant's cross appeal is **granted** and the cross appeal is

**dismissed**.