NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0007n.06

No. 12-4467

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ARTHUR L. DARBY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

FILED
Jan 09, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

Before: SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Arthur Darby pled guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. He now appeals his sentence of 170 months' imprisonment. The government moves to dismiss the appeal, arguing that Darby has waived his right to appeal the sentence. We grant the motion.

As required by 21 U.S.C. § 851, the government notified Darby, before entering into the plea agreement, that it would rely on a prior felony-drug conviction to enhance the statutory-maximum sentence for the conspiracy charge from 20 years to 30 years. 21 U.S.C. § 841(b)(1)(C). The notice, however, listed the wrong case number for the prior conviction.

The agreement said that the district court might find Darby to be a career offender, in which case his base offense level would be 34 because of the enhancement. (It would have been 32 without the enhancement.) U.S.S.G. §4B1.1(b). At sentencing, the district court found that Darby

was a career offender. The court then applied a three-level reduction for acceptance of responsibility and a two-level reduction for substantial assistance (both contemplated by the plea) to arrive at an offense level of 29. A career offender's criminal-history category is automatically VI. *Id.* That combination resulted in a Guidelines range of 151 to 188 months' imprisonment. The court sentenced Darby to 170 months' to run consecutive to an undischarged state sentence.

Darby appealed his sentence on two grounds, both of which the government says he waived in the plea agreement. Accordingly, the government has moved to dismiss the appeal. We review de novo whether Darby has waived his right to appeal the sentence. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). In the plea agreement, Darby waived his right to appeal the sentence except as to "(a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the greater of the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court."

Darby's first argument is that the statutory enhancement was invalid because the government's notice listed the wrong case number for the prior conviction. Without the enhancement, Darby's base offense level would have been 32 and, all else equal, his Guidelines range would have been 130-162 months. Darby contends that because his sentence (170 months) exceeded what he says was the correct Guidelines range (130-162 months), he has not waived this argument.

But the plea agreement preserved Darby's right to appeal only a sentence that exceeded the Guidelines range as determined "in accordance with the sentencing stipulations and computations

in this agreement[.]" And in the agreement, Darby "waive[d] any challenge to the prior conviction(s) and sentencing enhancement under the provisions of Title 21, §§ 841(b) and 851[.]" Thus, as determined in accordance with the plea agreement, Darby's Guidelines range was 151-188 months. Darby's sentence of 170 months fell within that range, so he has waived his first argument.

Darby's second argument is that the district court failed to consider the relevant factors under 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3 when it imposed his federal sentence consecutive to his state sentence. Darby asserts that, in light of *United States v. Bowman*, 634 F.3d 357 (6th Cir. 2011), he has not waived this ground for appeal. In *Bowman*, the plea agreement stated "that [the defendant] may not challenge on direct appeal 'any sentence which is at or below the maximum of the guideline range as determined by the Court.'" *Id.* at 361. We held that this language preserved a challenge to the district court's imposition of consecutive sentences because it did not specifically bar such a challenge. *Id.* at 360-61.

But the plea agreement here is not the carbon image of the one in *Bowman*. There, the defendant waived only his right to appeal a within or below-Guidelines sentence, and nothing else. Here, Darby waived all of his appellate rights, with two exceptions. And neither of those exceptions covers Darby's argument that the district court failed to consider the relevant factors for imposing consecutive sentences. Thus, Darby has waived this argument too.

Darby responds that the plea agreement was not knowing and voluntary—and hence the waiver was invalid—because he did not understand the statutory enhancement and the Guidelines range he faced. But at the plea hearing, the district court asked Darby if he understood that "the government has filed a notice under Title 21, Section 851" and that "the statutory penalty for

Count 1 is now a term of imprisonment of not more than 30 years[.]" Darby replied. "Yes, sir."

Darby also said that "[i]f they career me, [the offense level] would be 29, I believe[,]" and "Level 11, Criminal History VI." Darby thus knew the Guidelines range he faced—and he received a sentence within that range. His plea was therefore knowing and voluntary, and the waiver was valid.

The motion to dismiss the appeal is granted.