NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0166n.06

No. 12-5265

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 28, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,                  )
                                         )    ON APPEAL FROM THE UNITED
v.                                       )    STATES DISTRICT COURT FOR
                                         )    THE EASTERN DISTRICT OF
MONICA M. DENTON,                        )    TENNESSEE
                                         )
    Defendant-Appellant.                 )


BEFORE: DAUGHTREY, SUTTON, and DONALD, Circuit Judges.


PER CURIAM. Monica M. Denton, a federal prisoner, appeals through counsel the sentence imposed following her guilty plea to a charge of conspiring to distribute oxycodone.

After negotiating a plea agreement, Denton entered a guilty plea to the above charge in 2012. A presentence report (PSR) calculated her guidelines sentencing range at 84 to 105 months' imprisonment. Denton objected to the PSR and filed a sentencing memorandum arguing that the district court should not assess an additional three points on her criminal history for an undischarged federal sentence from 2011. In that case, Denton had entered a guilty plea to aiding and abetting a Hobbs Act robbery and received a sentence of 77 months' imprisonment. Denton argued that, if both cases had been prosecuted together, she would not have the extra points on her criminal history. At the sentencing hearing, the Government noted that the investigation of the drug conspiracy was not complete as to all of the defendants in time to prosecute Denton's two crimes simultaneously. The district court rejected Denton's argument

that it should not count the three points. Denton then argued that her sentence should run concurrently with her prior sentence. However, the district court found that justice required separate penalties for the two unrelated offenses. The court sentenced Denton to 99 months' imprisonment and ordered that the sentence would run concurrently with the prior sentence beginning on the date of sentencing. Because Denton had already served sixteen months on the first sentence, this resulted in a total sentence of 115 months for the two crimes, the top of the guidelines range that would have applied if the two cases had been prosecuted together.

On appeal, Denton argues that her sentence should have run completely concurrently with the prior sentence. The Government filed a motion to dismiss the appeal on the ground that Denton's plea agreement waived her right to appeal unless her sentence was above the guidelines range.

The Government relies on *United States v. Sharp*, 442 F.3d 946, 949-52 (6th Cir. 2006), as authority for dismissing an appeal where the plea agreement waived the defendant's right to appeal. However, it notes that in a similar appeal, *United States v. Bowman*, 634 F.3d 357, 360-61 (6th Cir. 2011), we denied a motion to dismiss an appeal challenging consecutive sentences where the plea agreement waived appeal of a sentence under the guidelines maximum. The Government's attempt to distinguish that case is not persuasive. In both cases, the Government could have included a waiver of the right to appeal a consecutive sentence in the plea agreement. We will therefore address the merits of Denton's argument.

We review a criminal sentence for reasonableness under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). It was within the district court's discretion to run Denton's sentence concurrently, consecutively, or partially concurrently pursuant to USSG § 5G1.3(c). No abuse of discretion will be found where the district court makes clear its

rationale for running a sentence consecutively or partially consecutively and imposes an appropriate incremental penalty for the new offense. *See United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). The district court did exactly that in this case, finding that justice required separate penalties for the two unrelated offenses, discussing the sentencing factors, and also addressing Denton's argument that her two offenses could have been prosecuted together, by calculating the guidelines sentence range for a joint prosecution and imposing a sentence within that range. We accordingly affirm the district court's judgment.