NOT RECOMMENDED FOR PUBLICATION

File Name: 14a0348n.06

No. 12-3976

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 01, 2014*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff-Appellee,             )
                                        )       ON APPEAL FROM THE
v.                                      )       UNITED STATES DISTRICT
                                        )       COURT FOR THE NORTHERN
DOMINIQUE CALLIER, aka Corleone,        )       DISTRICT OF OHIO
aka Colie, aka Coleone,                 )
                                        )
        Defendant-Appellant.            )
                                        )

BEFORE: SUHRHEINRICH, KETHLEDGE, and WHITE, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

**I.**

Defendant Dominique Callier pled guilty to one count of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962. He now appeals his sentence of 37 months' imprisonment to run consecutively to a sentence imposed in state court. The government moves to dismiss the appeal, contending that Callier has waived his right to appeal the sentence. We grant the motion.

**II.**

Defendant was charged (Count 1), based on his involvement in a gang known as LSP, which engaged in acts involving murder, robbery, witness tampering, retaliation, and drug trafficking in the Northern District of Ohio. He entered into a written Rule 11(c)(1)(B) plea

agreement with the government, pleading guilty to the indictment. In the plea agreement, the parties agreed that Defendant's base offense level under U.S.S.G. § 2E1.1(a) was 19. The parties agreed that they did not have an agreement about Defendant's criminal history category and that it would be determined by the court after preparation of the presentence report. The parties further agreed that the district court would decide the Guideline sentencing range at sentencing. The plea agreement also "allow[ed] the defendant to reserve the right to seek to have [the federal] sentence run concurrently with a state sentence he is presently serving pursuant to U.S.S.G. § 5G1.3 and . . . [18 U.S.C. §] 3584."

At the change of plea hearing, the government read the entire plea agreement. This included the waiver of appeal provision. It states as follows:

> **Waiver of Appellate Rights.** Defendant acknowledges that having been advised by counsel of Defendant's rights, in limited circumstances to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court.

His plea also reserved the right to appeal based on ineffective assistance of counsel or prosecutorial misconduct.

Defendant confirmed that he understood the terms of the written plea agreement and that he had no questions. Based on his plea colloquy, the district court found that Defendant knowingly, voluntarily, and willingly pleaded guilty.

At sentencing, the district court found that the base offense level was 19. Following a three-level adjustment for acceptance of responsibility, the total offense level was 16. The

district found that Defendant's prior criminal history warranted a Category V designation, resulting in an adjusted Guidelines range of 41-51 months. The district court varied downward to offense level 15, equivalent to a range of 37-46 months, and sentenced Defendant to 37 months' imprisonment. Explaining its conclusions, the district court noted that Defendant had "quite a record." The court stated that it "look[ed] at a couple of things," including Defendant's "background" and "the fact that you're trying to turn your life around now," for which Defendant received a credit for acceptance of responsibility.

In accordance with the terms of the plea agreement, Defendant sought a concurrent sentence under U.S.S.G. § 5G.1.3 and 18 U.S.C. § 3584. The government requested a consecutive sentence, because Defendant had a Criminal History Category V designation by the time he was 21 years old. The district court ruled that the federal sentence would run consecutively to the state sentence, "[b]ecause of the nature of your background and the nature of the offenses in this case."

Defendant filed this appeal, asserting that the district court erred in imposing a consecutive sentence under U.S.S.G. § 5G1.3 because (1) it did not discuss the § 3553(a) factors, and (2) the offense giving rise to the state sentence was considered relevant conduct in the plea agreement. As noted, the government filed a motion to dismiss, based on the waiver provision in the plea agreement.

**III.**

We review de novo whether a defendant waived his right to appeal his sentence in a valid plea agreement. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). If the waiver is clear, we enforce it, and do not review the appeal, except in limited circumstances. *Id.* If any

provisions are unclear or ambiguous, we construe them against the government. *United States v. Fitch*, 282 F.3d 364, 367–68 (6th Cir. 2002).

The government argues that because Defendant's sentence did not exceed the statutory maximum (240 months) or the maximum Guidelines sentence, the appellate waiver provision of Defendant's plea agreement precludes him from appealing his sentence. Defendant responds that he did not waive his right to appeal the district court's imposition of a consecutive sentence, relying on *United States v. Bowman*, 634 F.3d 357 (6th Cir. 2011). There we allowed the defendant's direct appeal because the waiver provision expressly barred appealing a within-guidelines sentence but made no reference to the district court's imposition of a consecutive sentence. The *Bowman* plea agreement stated "in general terms, that [the defendant] may not challenge on direct appeal 'any sentence which is at or below the maximum of the guideline range as determined by the Court.'" *Id.* at 361. Because this language did not specifically refer to U.S.S.G. § 5G1.3(c) or the state sentence, we held that it did not bar a challenge to the district court's imposition of consecutive sentences. *Id.* at 360–61. *See also United States v. Denton*, No. 12-5265, 2014 WL 783012, at * 1 (6th Cir. Feb. 28, 2014) (per curiam) (addressing merits of the defendant's argument regarding consecutive sentences on appeal where the plea agreement waived the defendant's right to appeal "unless [the defendant's] sentence was above the guidelines range," because as in *Bowman*, "the Government could have included a waiver of the right to appeal a consecutive sentence in the plea agreement").

But the language of Defendant's plea agreement is different. Here, the plea agreement expressly provides that Defendant was apprised of his rights "to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742,"[1] and that he

---

[1]The relevant portion of 18 U.S.C. § 3742 provides that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence":

4

"expressly and voluntarily waives those rights," with two enumerated exceptions (as well as preserving the right to pursue ineffective assistance of counsel or prosecutorial misconduct). The two sentencing decisions reserved were a sentence in excess of the statutory maximum and a sentence higher than the applicable Guidelines range. Thus, Defendant waived all of his rights to appeal his sentence, with two exceptions, and neither of those exceptions covers his argument that the district court failed to consider the relevant factors under 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3 when it imposed his federal sentence consecutive to his state sentence. *See United States v. Darby*, No. 12-4467, 2014 WL 66874, at \*2 (6th Cir. Jan. 9, 2014) (holding that the defendant waived his right to appeal his consecutive sentence where he waived all of his appellate rights except as to any sentence in excess of the statutory maximum or maximum advisory sentencing guidelines range; distinguishing *Bowman* where "the defendant waived only his right to appeal a within or below-Guidelines sentence, and nothing else"), *petition for cert. filed*, Mar. 3. 2014 (No. 13-9137).

*United States v. Reese*, 509 F. App'x 494 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 2780 (2013), involved an identical waiver of appellate rights provision. There we rejected the defendant's attempt to challenge the amount-of-loss calculation and restitution order, even though he had not specifically agreed to forego a challenge to the loss amount or restitution order because "he expressly waived any right to appeal the 'conviction or sentence in this case' unless the sentence either exceeded the statutory maximum or the top of the Sentencing Guidelines range." *Id.* at 499 (and noting that the defendant's appeal waiver "uses standard language that

---

(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
*Id*. § 3472(a).

5

has been approved by this Court in the past" (citing *United States v. Ferguson*, 669 F.3d 756, 765 (6th Cir. 2012)). That is precisely the scenario here—although Defendant did not expressly waive his right to challenge a consecutive sentence, he expressly waived any right to appeal his sentence; with only two exceptions.

## IV.

We further note that Defendant's appeal lacks merit in any event. Section 5G1.3(b) is inapplicable here because the conduct giving rise to Defendant's state term of imprisonment—participation in a March 14, 2009 shooting—was not "the basis for an increase in [Defendant's] offense level for the instant offense." U.S.S.G. § 5G.3(b). And § 5G1.3(d) does not support resentencing because the district court adequately explained its reasons for imposing Defendant's federal sentence consecutively to his state sentence. The district court heard argument about whether to impose the sentences concurrently or consecutively, questioned Defendant about the length of, and time remaining on, his state sentence, and discussed Defendant's criminal history, background, and participation in the conspiracy.

## V.

For the reasons discussed, we DISMISS Defendant's appeal as barred by the appeal waiver.

6