NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0884n.06

No. 14-1026

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Nov 24, 2014<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) |  |
| v. | ) | ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE<br>WESTERN DISTRICT OF<br>MICHIGAN |
| KEVIN LASH, | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE:    NORRIS, MOORE, GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Kevin Lash appeals his sentence imposed following his guilty plea—120 months for being a felon in possession of a firearm (count one) and 151 months for possession with intent to distribute cocaine (count two), to be served concurrently—on the grounds that the application of the career offender guidelines was unconstitutional and his sentence was substantively unreasonable.  Because Lash waived his right to appeal the sentence in his plea agreement, we affirm.

**I.**

Kevin Lash was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count one); possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (count two); and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (count three).  Following his indictment, Lash pled guilty to counts one and two pursuant to a plea agreement.

1

At the time of Lash's plea hearing, both defense counsel and the government were aware of only one prior felony conviction that would be applied toward the career offender enhancement. After Lash's guilty plea was accepted, however, the probation officer discovered an additional drug trafficking felony. As a result, Lash's offense level increased from 17 to 29, and his career history category increased from III to VI. This, in turn, increased his advisory guideline range from an earlier estimate of 30–37 months to 151–188 months.

Lash objected to the application of the career offender enhancement, arguing that it was unconstitutional because the conviction had not been proven by a jury beyond a reasonable doubt. The district court, overruling Lash's objection, applied the career offender enhancement. Despite the court's decision to allow Lash to withdraw his plea, Lash indicated that he wished to proceed with the sentencing process to take advantage of the plea offer. After the court determined that a sentence at the lower end of the guidelines would promote respect for the law and provide just punishment for the offence, the court sentenced Lash to 120 months on count one and 150 months on count two to run concurrently.

Lash now appeals his sentence on two grounds: (1) the application of the career offender guidelines to his sentence was unconstitutional; and (2) his sentence was substantively unreasonable.

**II.**

Before reaching the merits of the district court's decision, the government contends that Lash waived his right to appeal as part of his plea agreement. We agree. A defendant may waive any right, including a constitutional right, in a plea agreement if the waiver is knowingly and voluntarily made. *See United State v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012). "Plea agreements are to be enforced according to their terms." *United States v. Moncivais*, 492 F.3d

652, 662 (6th Cir. 2007). But because the government is held to a greater degree of responsibility for imprecisions, "[a]mbiguities in a plea agreement are . . . construed against the government." *See United States v. Bowman*, 634 F.3d 357, 360–61 (6th Cir. 2011).

To begin, Lash's plea agreement is in no way ambiguous. He retained "the right to appeal a sentence that *exceed[ed] the statutory maximum or [was] based upon an unconstitutional factor such as race, religion, national origin or gender.*" Here, Lash's sentence did not exceed the statutory maximum. Moreover, the district court did not reference any impermissible factor. Rather, it properly considered and weighed the § 3553(a) factors. The judge took into account Lash's inability to reform himself after obtaining two controlled substance convictions, his multiple probation violations, and his bond violations. He also noted that Lash is currently a risk to the public.

Both Lash's constitutional challenge and substantive reasonableness challenge simply do not fit within the narrow exception in the appeal waiver, and thus his challenge to his sentence is precluded by the appeal waiver. *See United States v. Ward*, No. 13-1460 (6th Cir. Dec. 12, 2013) (Order) (determining that appeal challenging constitutionality of sentence was barred by plea agreement); *United States v. Farias*, No. 11-2479 (6th Cir. Aug. 20, 2012) (Order) (concluding that Eighth Amendment challenge to sentence was barred by plea agreement). Lash offers no argument contesting this position on appeal.

Furthermore, Lash does not deny that his waiver of his right to appeal was knowing and voluntary. Indeed, following the magistrate judge's explanation of the appeal waiver, Lash acknowledged that he understood it and expressed his decision to agree to the waiver.[1] On these facts, we find that Lash's appeal is barred by the express terms of the appeal waiver.

---

[1] THE COURT: . . . Paragraph 12 talks about a couple rights that you would have, even though you're pleading guilty. First of all there is the right to appeal. In federal court, even

3

## III.

For the above reasons, we affirm the district court's decision.

---

though a defendant pleads guilty, the defendant has the right to appeal the sentence to the Court of Appeals, if the defendant believes that the sentence is either illegal or unreasonable. This says you understand you would have the right to appeal, but that you're giving up your right to appeal the sentence and the manner in which it was determined. You can always appeal if you think the Court based your sentence on an unconstitutional factor, such as your race, religion, or if the Court goes above the ten and twenty year statutory maximums, which isn't very likely, but other than those very narrow grounds, you are saying you will not appeal your sentence to the Court of appeals. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: And is that what you've decided to do?
THE DEFENDANT: Yes.