NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0026n.06

No. 13-6300

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 14, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JULIO C. ALLEN, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH and MOORE, Circuit Judges; LUDINGTON, District Judge.[*]

SUHRHEINRICH, Circuit Judge.

Julio C. Allen pleaded guilty to one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Pursuant to his plea agreement, Allen received a below-Guidelines sentence of 72 months' imprisonment to run consecutive to any sentence he might receive on pending state charges. On appeal, Allen contends that the district court erred in applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) for use of the firearm in connection with a felony, erred in applying the 18 U.S.C. § 3553(a) factors to sentence him above the Guidelines range the United States recommended, and erred in imposing a consecutive sentence. The government has moved to dismiss Allen's appeal, arguing that it is

---

[*]The Honorable Thomas L. Ludington, United States District Judge of the Eastern District of Michigan, sitting by designation.

precluded by the appeal waiver in his plea agreement. For the reasons stated below, we **GRANT** the government's motion to dismiss the appeal.

## I.

Allen got into a fight at a nightclub in Knoxville, Tennessee on the night of April 4, 2012. Allen pulled out a gun and pointed it at his opponent. Witness Adrian Flemming, who was in the nightclub, intervened to stop the fight. According to Flemming, Allen shot at him. Flemming and two other individuals were injured. Allen then attempted to run out of the nightclub, but was caught by law enforcement officers, who observed him carrying a loaded firearm. Allen dropped the firearm when he was arrested. Allen's fingerprint was later found on the firearm.

Allen was charged with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), on June 19, 2012. Allen was also charged by the State of Tennessee with three counts of aggravated assault of Flemming and other patrons of the nightclub.

Allen pleaded guilty to the federal offense on January 14, 2013. His plea agreement stated:

> In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater.

The presentence report (PSR) calculated Allen's base offense level at 20 under U.S.S.G. § 2K2.1(a)(4)(A) because Allen had a prior conviction for a crime of violence—attempted armed robbery. Four levels were added under U.S.S.G. § 2K2.1(b)(6)(B) because Allen possessed a firearm in connection with another felony offense—namely, aggravated assault. After a three-level reduction for acceptance of responsibility, Allen's total offense level was 21. Combined

with a criminal history category of VI, Allen's advisory Guidelines range was 77 to 96 months' imprisonment.

Prior to sentencing, the United States filed a motion for departure based on substantial assistance to law enforcement pursuant to U.S.S.G. § 5K1.1, requesting a thirty percent departure from the bottom of the advisory Guidelines range and recommending a sentence of 54 months' imprisonment.

Allen objected to the four-level § 2K2.1(b)(6)(B) enhancement, claiming that the evidence was insufficient to establish that he had committed aggravated assault. Allen also contended that his assistance merited a forty percent departure, calculated without the four-level § 2K2.1(b)(6)(B) enhancement. Lastly, Allen asked that his federal sentence run concurrently with any sentence he might later receive for the pending Tennessee aggravated assault charges.

The district court rejected all of Allen's arguments. After crediting the testimony from one of the officers who had investigated the nightclub shooting, the court found that Allen, intentionally and without provocation, shot at Flemming and others, and concluded that the four level § 2K2.1(b)(6)(B) enhancement was warranted. The court adopted the Guidelines range of 77 to 96 months' imprisonment. The district court found that Allen's assistance to law enforcement authorities merited only a twenty-five percent reduction from the advisory Guidelines range, "based on the information that has been provided . . . including the risk and danger that is presented." This resulted in a term of 72 months' imprisonment. The court also noted that it would recommend to the Bureau of Prisons that Allen be separated from individuals who posed a risk to Allen. Contrary to the government's suggestion, the court calculated the twenty-five percent reduction from the top of the applicable advisory Guidelines range, based on

Allen's criminal history and the seriousness of the offense, stating that this was "very charitable to the defendant." After considering the 18 U.S.C. § 3553(a) factors, the district court concluded that a 72-month sentence was appropriate, emphasizing the danger Allen posed to others and the likelihood of recidivism. Based on those same factors, the court also ordered that Allen's sentence run consecutive to any undischarged term of incarceration as well as any term of incarceration that might be imposed for the pending Tennessee aggravated assault charges.

This appeal followed. Allen challenges three aspects of his sentence. First, he contends that the district court erred in applying the four-level § 2K2.1(b)(6)(B) enhancement because there was insufficient proof that he in fact committed the state felony of aggravated assault. Second, he claims the district court erred in sentencing above the guidelines range recommended by the government based on substantial assistance and incorrectly applied the § 3553(a) factors. Third, he alleges that the court erred in imposing a federal sentence that was consecutive to any unimposed sentence in state court on charges that were "relevant conduct" to the federal conviction.

## II.

### A.

The government has moved to dismiss the case based on the appeal waiver in Allen's plea agreement. Allen responds that the claims he raises on appeal are not within the scope of his appeal waiver. We review that question de novo. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). If the waiver is clear, we enforce it and do not review the appeal, except in very limited circumstances. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). Ambiguities

in the plea agreement are construed against the government. *United States v. Fitch*, 282 F.3d 364, 367-68 (6th Cir. 2002).

Allen's plea agreement precludes "a direct appeal of the defendant's conviction(s) or sentence except . . . the right to appeal a sentence imposed above the sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater." This court has interpreted a nearly identical appeal waiver on two occasions and concluded that such language is not ambiguous. *See United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012) (holding that the terms of the defendant's appeal waiver were "broad," deferring to the district court's discretion in calculating the Guidelines range and permitting the defendant "to challenge the resulting sentence only if it exceeds the top end of the range the court calculates"); *United States v. Dinsmore*, 585 F. App'x 898, 902 (6th Cir. 2014) (applying *Beal*; holding the appeal waiver barred the defendant's appeal where "[s]he agreed not to appeal her sentence if it was within the Guideline range *as determined by the district court*").[1]

---

[1] The plea agreement in *Beals* stated: [T]he defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range as determined by the district court."

*United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012). The plea agreement in *Dinsmore* stated as follows:

> In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

*United States v. Dinsmore*, 585 F. App'x 898, 900 (6th Cir. 2014).

Because the district court did not impose a sentence that exceeded the top of the advisory Guidelines range that it calculated for Allen's offense, Allen's appeal is precluded by the plain language of his appeal waiver.

Allen's arguments to the contrary are not persuasive. First, his reliance on *United States v. Bowman*, 634 F.3d 357 (6th Cir. 2011), is misplaced. There, the plea agreement stated that "the Defendant knowingly waives the right to appeal any sentence which is at or below the maximum of the guideline range as determined by the court," and "retains the rights to appeal a sentence above the guideline range." *Id.* at 360. Because the waiver language was limited and did not specifically refer to the district court's imposition of consecutive sentences, creating an ambiguity, we entertained the defendant's arguments on that issue. *Id.* at 361; *see also United States v. Kelley*, 585 F. App'x 310, 313 (6th Cir. 2014) (per curiam) ("*Bowman* stands for the principle that when a plea agreement's waiver clause *allows* appeal on some grounds, *disallows* appeal on other grounds, and is *silent* regarding the appealability of a consecutive sentencing decision, that silence is construed against the government and the defendant may appeal the decision to impose a consecutive sentence.").

The language in Allen's appeal waiver is different. In *Bowman*, "the defendant waived only his right to appeal a within or below-Guidelines sentence, and nothing else." *United States v. Darby*, 549 F. App'x 499, 501 (6th Cir. 2014). Here, Allen waived all of his appellate rights, with one exception—*i.e.*, he retained the right to contest the imposition of a sentence above the greater of the Guidelines range determined by the district court or the statutory mandatory minimum. *See also United States v. Watkins*, 603 F. App'x 387, 391-92 (6th Cir. 2015) (holding that the "more comprehensive" appeal waiver at issue was different from the "limited appeal waiver" in *Bowman*); *United States v. Callier*, 565 F.App'x 423, 425-26 (6th Cir. 2014)

(distinguishing the *Bowman* waiver where the plea agreement expressly provided that the defendant was apprised of his right to appeal his conviction or sentence, including the appeal right under 18 U.S.C. § 3742, and that the defendant "expressly and voluntarily waive[d] those rights," with two enumerated exceptions not at issue); *Darby*, 549 F. App'x at 501 (holding that plea agreement was not like the one in *Bowman*, because the defendant waived all of his appellate rights, with two exceptions not at issue); *cf. Kelley*, 585 F. App'x at 313 (holding that the defendant did not waive the right to appeal a consecutive sentence because the limited waiver, in which the defendant "expressly waived 'the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, as long as the sentence is within the Guideline range as finally determined by the Court'" did not refer to the state sentence or consecutive sentencing in plea agreement (citing *Bowman*)); *United States v. Denton*, 557 F. App'x 506, 506 (6th Cir. 2014) (per curiam) (applying *Bowman* because the appeal waiver was nearly identical to appeal waiver in *Bowman*).

Next, Allen claims that enforcement of the appeal waiver would result in a miscarriage of justice and violate due process. This court has held that "[i]f a defendant validly waives his right to appeal pursuant to a plea agreement, this court is bound by the agreement, and will review a sentence only in limited circumstances, such as where the sentence imposed is based on racial discrimination or is in excess of the statutory maximum." *United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012). To the extent we recognize a miscarriage-of-justice exception to the enforcement of appeal waivers, *see United States v. Mathews*, 534 F. App'x 418, 425 (6th Cir. 2013) (per curiam) (noting that this court has never expressly recognized such an exception in a published decision, but has implicitly recognized it in unpublished decisions), the enforcement of Allen's appeal waiver in this case would not result in any miscarriage of justice. Instead, it

would simply prevent Allen from challenging the district court's calculation of his advisory Guidelines range and the district court's discretionary decision regarding the extent of the § 5K1.1 departure and the consecutive nature of Allen's sentence. These alleged errors—purported misapplications of the Guidelines—are the sort of errors envisioned by appeal waivers, *see United States v. Martinez*, 430 F. App'x 406, 410 (6th Cir. 2011) (holding that the defendant waived the right to appeal an admittedly erroneous criminal history category calculation because the defendant had waived his right to appeal any sentence that was within the Guidelines range calculated "using the Criminal History Category found applicable by the Court") (emphasis omitted)), and therefore the sort of errors anticipated by appellate waivers, such that no miscarriage of justice would result by enforcement of the waiver provisions. *See Mathews*, 534 F. App'x at 426 (holding that even if the district court erred in its application of relevant conduct cross-references, "[t]his alleged error is of the sort that Defendants should have anticipated when they bargained away their appeal rights, not an extraordinary miscarriage of justice").

Enforcement of the appeal waiver also did not violate due process. The Due Process Clause requires simply that waivers of constitutional rights be knowing and voluntary. *See United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily."). The record reflects that these requirements were met, and Allen does not otherwise complain that they were not.

In sum, Allen's comprehensive appeal waiver excludes any type of sentencing appeal with only one exception that is not at issue on appeal. Allen's appeal waiver therefore bars our review.

**III.**

For the foregoing reasons, we **GRANT** the government's motion to dismiss the appeal.