NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0030n.06

No. 22-3153

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 13, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) ) | STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF |
| ANDREW WIRTH, | ) | OHIO |
| Defendant-Appellant. | ) | OPINION |
| | ) ) | |

Before: GRIFFIN, WHITE, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Andrew Wirth pleaded guilty to a sex crime. In his plea agreement, he waived most of his appellate rights, but he now seeks to appeal the district court's imposition of a sentence consecutive to an unrelated state conviction. Because he waived the right to appeal this aspect of his sentence, we dismiss this appeal.

I.

Andrew Wirth was charged with sex trafficking a minor, in violation of 18 U.S.C. § 1591. Wirth pleaded guilty pursuant to a plea agreement. As part of that agreement, Wirth waived all rights to appeal his conviction and sentence, reserving only "the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computation in th[e] agreement,

using the Criminal History Category found applicable by the Court" and "claims of ineffective assistance of counsel or prosecutorial misconduct." Thereafter, the district court imposed a within-Guidelines 168-month sentence, consecutive to an unrelated state sentence. Wirth now appeals.

## II.

"It is well settled that a defendant 'may waive any right, even a constitutional right, by means of a plea agreement,'" so long as that agreement is made knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). When, as here, a defendant does not challenge the validity of the appeal waiver, we review his appellate claims de novo to determine if they fall within the scope of the waiver. *Id.* at 378.

Wirth argues that he may appeal the district court's imposition of a consecutive, rather than concurrent, sentence because he did not specifically waive that right. He relies on *United States v. Bowman*, in which Bowman waived his right to appeal "any sentence which is at or below the maximum of the guideline range as determined by the Court." 634 F.3d 357, 361 (6th Cir. 2011). Because this language waived only the right to challenge a within-Guidelines sentence, and did not refer to U.S.S.G. § 5G1.3(c) (which governs the imposition of consecutive or concurrent sentences) or the relevant state sentence, we held that it did not bar an appeal challenging the court's imposition of a consecutive sentence. *Id.* at 360–61.

But Wirth's plea agreement contains an appellate waiver that is much broader than Bowman's. Where Bowman's waiver barred *only* his right to appeal a within-Guidelines sentence, Wirth waived *all* rights to challenge his conviction or sentence *except* if he was sentenced above

the statutory maximum (life) or the Guidelines range (168 months).[1]  "We have, on multiple occasions, declined to follow *Bowman* in cases involving broad waivers like the one [Wirth] made," concluding instead that the "appeal is barred" when the defendant's arguments are outside the rights explicitly reserved in the plea agreement.  *United States v. Hollins-Johnson*, 6 F.4th 682, 683–84 (6th Cir. 2021) (order).  Indeed, we have held that, when a defendant waives all appellate rights except the specific rights reserved here, he has waived his right to appeal the consecutive nature of his sentence.  *United States v. Callier*, 565 F. App'x 423, 425–26 (6th Cir. 2014).  The same is true now:  Wirth broadly waived his right to appeal his sentence, save for narrow exceptions—none of which encompass the claim he attempts to pursue here.

## III.

For these reasons, we dismiss the appeal.

---

[1]The consecutive sentence did not violate the United States Sentencing Guidelines, which permitted the district court to impose a federal term of imprisonment consecutive to Wirth's state term of imprisonment in order to "achieve a reasonable punishment for the [federal] offense." U.S.S.G. § 5G1.3(d).