NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a550n.06

No. 13-1913

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jul 23, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MARK ANGELO BLOUNT, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE, ROGERS, and ALARCÓN,[*] Circuit Judges.

PER CURIAM. Mark Angelo Blount appeals his 144-month sentence ordered to be served consecutively to his life sentence imposed in state court. The government moves to dismiss the appeal, asserting that Blount waived his right to appeal the sentence. We grant the government's motion.

A federal grand jury returned an indictment charging Blount with conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (Count One) and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count Two). Fleeing from law enforcement officers who sought to arrest him on these charges, Blount struck and killed a thirteen-year-old pedestrian with his vehicle. In the Genesee Circuit Court, Blount pleaded guilty to involuntary manslaughter and received a sentence of life imprisonment. In the district court, Blount pleaded

---

[*]The Honorable Arthur L. Alarcón, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

guilty to Count One pursuant to a Rule 11 written plea agreement.  The district court sentenced Blount to 144 months of imprisonment to be served consecutively to his state sentence.

On appeal, Blount contends that the district court's imposition of a consecutive sentence was procedurally and substantively unreasonable because the district court failed to consider the factors under 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3(c) and improperly relied on speculation that his state sentence might be lowered or overturned.  The government moves to dismiss based on the appeal waiver in Blount's plea agreement.  Blount does not challenge the validity of his guilty plea or the appeal waiver.  He argues only that his appeal is outside the scope of the appeal waiver, which we review de novo.  *See United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012).

The appeal waiver in Blount's plea agreement states:  "If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal his/her conviction or sentence *on any grounds*."  Part 3 provides that "the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by paragraph 2B of this agreement."  In paragraph 2B, the parties agreed that Blount's guideline range was 151 to 188 months but added that, "[i]f the court finds:  (a) that defendant's criminal history category is higher than reflected on the attached worksheets . . . and such finding results in a higher guideline range, the higher guideline range becomes the agreed range."  At sentencing, the district court did find a higher criminal history category than reflected in the plea agreement and calculated the guideline range as 168 to 210 months.  Because Blount was already serving a life term for involuntary manslaughter based on conduct underlying a two-level enhancement in this case, the district court granted a two-level downward variance and recalculated the guideline range as 140 to 175 months.  The district court sentenced Blount to 144 months of imprisonment—well below the maximum of 210 months allowed by the plea

agreement. Accordingly, Blount waived the right to appeal his "sentence on any grounds"—including the consecutive nature of his sentence. *See United States v. Callier*, __ F. App'x __, No. 12-3976, 2014 WL 1703778, at *2-3 (6th Cir. May 1, 2014); *United States v. Darby*, 549 F. App'x 499, 500-01 (6th Cir. 2014), *cert. denied*, 134 S. Ct. 1905 (2014); *cf. United States v. Bowman*, 634 F.3d 357, 361 (6th Cir. 2011) (holding that a challenge to the imposition of a consecutive sentence fell outside of the appellate waiver, which waived only the defendant's right to appeal a within- or below-guideline sentence).

Moreover, the district court's imposition of a consecutive sentence was procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's decision to impose a consecutive sentence for abuse of discretion. *United States v. Harmon*, 607 F.3d 233, 239 (6th Cir. 2010). "A court does not abuse its discretion when it makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009) (citation and internal quotation marks omitted).

Blount contends that the district court did not consider U.S.S.G. § 5G1.3(c), which states: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The district court did not cite U.S.S.G. § 5G1.3(c) but acknowledged that the "sentence for the instant offense may be imposed to run concurrently, partially concurrently or consecutively to the undischarged term." *See Harmon*, 607 F.3d at 239-40 (holding that the district court committed no error in imposing a consecutive sentence where the district court did not cite U.S.S.G. § 5G1.3(c) but the record reflected the district court's consideration of the guideline).

In rejecting Blount's request for a concurrent sentence, the district court expressed the belief "that this sentence should stand on its own." The district court went on to identify the factors under § 3553(a) that supported the imposition of a consecutive sentence: "[I]t is important to vindicate the law that's been violated here and to deter others who may imitate this defendant's conduct and . . . those important factors are unaffected by the length of the sentence that this defendant is currently under in the state system."

According to Blount, the district court relied on an impermissible factor in imposing a consecutive sentence: the fact that his state sentence could be reduced or overturned. The factors listed in the commentary to U.S.S.G. § 5G1.3(c) specifically allow a district court to consider "[t]he type . . . and length of the prior undischarged sentence" and "[t]he time served on the undischarged sentence and the time likely to be served before release." U.S.S.G. § 5G1.3, comment. (n.3(A)). The district court did not rely on speculation that the state sentence might be lowered or overturned, as Blount contends. Instead, the district court expressly declined to predict what the Michigan Department of Corrections might do with Blount's state sentence in fashioning an appropriate sentence in this case. We can discern no abuse of discretion in the district court's imposition of a consecutive sentence.

For the foregoing reasons, we dismiss Blount's appeal as barred by his appeal waiver.