**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 11a0820n.06**

**No. 10-2344**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| GENARO GERARDO DEANDA, | ) | District of Michigan |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**

**Dec 08, 2011**

LEONARD GREEN, Clerk

Before:       BOGGS, COOK, and WHITE, Circuit Judges.

BOGGS, Circuit Judge.   Genaro Gerardo Deanda pleaded guilty to a charge of conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  In his written plea agreement, he waived all appellate rights, except the right to appeal the district court's determination of his sentencing range under the Sentencing Guidelines.  To maintain such an appeal, however, Deanda was required to object to the court's calculation of his guidelines range at sentencing.  Deanda raised no such objection.  Nevertheless, he appeals, claiming that this court should ignore his duly executed waiver and hold that the district court's sentence was erroneous because that court miscalculated his guidelines range.  We hold Deanda to his waiver and affirm his sentence.[1]

---

[1] We need not reach, and so express no view on, Deanda's substantive arguments.

No. 10-2344
United States v. Deanda

I

Genaro Deanda and Ricardo Jaimes owned and operated South Texas Shipping Express, in Mission, Texas. From August 2005 to November 2007, Deanda and Jaimes used the company to ship between 2000 and 3000 pounds of marijuana to customers nationwide. A federal grand jury in the Western District of Michigan returned a one-count indictment, charging Deanda and Jaimes with conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Deanda pleaded guilty, pursuant to a written plea agreement. Under the terms of the agreement, Deanda waived all of his appellate rights, except the right to "appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range." R. 85 at 3. During his plea colloquy, Deanda recognized that he "agree[d] to waive certain appeal rights that [he] would otherwise have." R. 148 at 27. The district court accepted the plea. Before sentencing, Deanda filed a written objection to the district court's four-level sentencing enhancement, disputing the conclusion that Deanda was a leader or organizer of the conspiracy. R. 103. Deanda, however, withdrew the objection at the beginning of his sentencing hearing. R. 149 at 3, 5–6. The district court sentenced him to 128 months in prison and five years of supervised release. R. 134. Deanda appeals,[2] claiming that the district court erred by applying a four-level leadership enhancement to his guidelines range, and that the sentence was substantively unreasonable because he received a longer sentence than Jaimes.

_____

[2] Deanda did not file a timely notice of appeal. Rather, the district court allowed him to file a delayed appeal because his counsel failed to appeal his sentence. R. 136 at 5–7.

- 2 -

II

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a [valid] plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)). "For a plea agreement to be constitutionally valid, a defendant must have entered into the agreement knowingly and voluntarily." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). When a defendant waives his right to appeal in a valid plea agreement, we are "bound by that agreement and will not review the sentence except in limited circumstances." *United States v. Woods*, 421 F. App'x 554, 555 (6th Cir. 2011) (quoting *Smith*, 344 F.3d at 483). We review de novo the question whether a defendant validly waived his appellate rights in a plea agreement. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004).

Deanda does not claim that his plea agreement was unknowing or involuntary. We therefore enforce the agreement, which provides:

> The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal a sentence that is within or below the guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement, except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range.

R. 85 at 3. Although Deanda filed an objection to the district court's determination of his guidelines range before sentencing, he withdrew that objection at the sentencing hearing. R. 149 at 3, 5–6. As such, he did not preserve the grounds for his appeal "at sentencing," R. 85 at 3, and the plain

language of the plea agreement bars his appeal. *See United States v. Flowers*, 428 F. App'x 526, 529 (6th Cir. 2011) (holding that, although counsel objected to a criminal-history calculation in his response to the defendant's Pre-Sentence Report, "this was not enough to preserve the issue on appeal because the plea agreement's plain terms state[d] that Flowers may only appeal his sentence on grounds 'preserved *at sentencing*.'") (emphasis in original).

Deanda resists this conclusion with two arguments. First, he suggests that the waiver in this case "did not include the scoring of the guidelines which had not been done as of the date of the plea." Appellant's Reply Br. at 3. Second, he claims that, even if he did waive his right to appeal, the court should "exercise its power to review a waived issue," and proceed to the merits of his claim. *Id.* at 5.

Neither of these arguments is persuasive. First, the plea agreement allowed Deanda to appeal the district court's guidelines determination only if he preserved the issue at sentencing. Deanda did no such thing. He may not now flout the language of the plea agreement and raise an issue expressly waived. Further, the "scoring of the guidelines" gave Deanda ample time to object, regardless of the "date of the plea." This is clear from the fact that he did object, then withdrew his objection at sentencing. *See* R. 103; R. 149 at 3, 5–6.

Deanda's second counter-argument is also without merit. As Deanda correctly notes, the federal courts may excuse some types of waivers. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 155 (1985) (noting that waiver based on failure to object to magistrate's ruling may be excused in the interest of justice); Fed. R. Crim. P. 12(e) ("A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court

provides.  For good cause, the court may grant relief from the waiver.").  However, Deanda has cited

no authority for excusing a waiver in this context and we see no reason to do so.  We therefore reject

both of Deanda's arguments.

The sentence imposed by the district court is AFFIRMED.