**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0771n.06

No. 12-6485

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 09, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JUDY L. DINSMORE, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

BEFORE: MOORE and COOK, Circuit Judges; and STEEH, District Judge.[*]

**STEEH, District Judge.** Despite a waiver in her plea agreement, Defendant Judy Dinsmore appeals the 30-month sentence imposed following her plea of guilty to embezzling, stealing, and converting money of the Social Security Administration. Dinsmore's plea agreement waived her right to appeal her conviction or sentence, unless the district court imposed "a sentence . . . above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court." The government moves to dismiss the appeal arguing that the district court sentenced Dinsmore within the Guideline range. Dinsmore argues that the appeal waiver does not bar her appeal because the district court departed upward pursuant to U.S.S.G.

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

§ 4A1.3 resulting in a sentence above the Guideline range. Because Dinsmore's appeal is precluded by her appeal waiver, we dismiss.

## I.

### A.

Dinsmore was related by marriage to Debbie Roberts. Roberts was born on October 8, 1908 and died on October 5, 1982. During her lifetime, Roberts lived with Dinsmore and Dinsmore's husband at 711 Longbend Road, Rogersville, Tennessee. Roberts received Supplemental Security Income (SSI) from the Social Security Administration (SSA).

After Roberts died, the SSA continued mailing her SSI checks to Dinsmore's home. The SSA was never notified that Roberts died. From November 1, 1982 until November 1, 2011, the SSA sent 347 SSI checks to Dinsmore's home in Roberts's name, intended for Roberts's use. Dinsmore cashed all 347 checks at the Greene Farmers Co-Op in Greeneville, Tennessee. Each time the SSA mailed a check to Roberts, Dinsmore affixed Roberts's signature to the back of the check, drove to Greene Farmers Co-Op, identified herself as Roberts and cashed the check.

In June of 2011, the Greeneville Social Security Office began an investigation as part of its Centenarian Project, realizing that Roberts would be 103-years-old if she were still alive. The investigation uncovered that Roberts was in fact deceased and that Dinsmore was cashing her SSI checks. Dinsmore admitted to investigating agents that she lived with her daughter in Midway, Tennessee, but maintained the residence in Rogersville in order to continue to receive Roberts's SSI checks.

On January 10, 2012, the grand jury returned a one-count indictment charging Dinsmore with knowingly embezzling, stealing and converting to her own use SSI benefits to which she knew she was not entitled, in violation of 18 U.S.C. § 641. Dinsmore entered into a plea agreement with the

government.  Dinsmore admitted to violating 18 U.S.C. § 641 and stipulated that the amount of loss was $167,486.00.  As part of her plea agreement, Dinsmore agreed to waive any direct appeal of her conviction or sentence.  The appeal waiver states:

> In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

A presentence investigation report was prepared by the probation office.  The presentence report provided for a base offense level of 6 and a criminal history category of III.[1]  Based on the amount of loss, the offense level was increased by 10 levels.  In addition, 3 levels were subtracted for Dinsmore's acceptance of responsibility and assistance to authorities, for a total offense level of 13.  The presentence report concluded that Dinsmore's maximum term of imprisonment under 18 U.S.C. § 641 was 10 years and the advisory Guideline range was 18 to 24 months.  Dinsmore and the government both filed notices stating that there were no objections to the presentence report.

Prior to sentencing, the government filed a sentencing memorandum asking the district court to consider a three-level upward departure under U.S.S.G. § 4A1.3 or a variance under 18 U.S.C. § 3553(b).  In support of the request, the government cited Dinsmore's conviction for fraud in October of 2003, during which time she was continuing to cash Roberts's SSI checks, arising out of similar conduct as the conduct charged in the indictment.  In the previous case, Dinsmore was

---

[1] While Dinsmore was awaiting sentencing, in July of 2012, she was convicted in state court for driving under the influence and leaving the scene of an accident.  In addition, in October of 2003, Dinsmore pleaded guilty in federal court to making false statements and representations to the SSA in connection with SSI benefits.

cashing SSI checks sent to Stella Roberts, another deceased relative. The government argued that Dinsmore's criminal history did not adequately represent her past crimes.

Dinsmore filed a sentencing memorandum seeking a sentence of 18 months. Dinsmore's sentencing memorandum did not address the government's request for a three-level upward departure or variance.

At sentencing, the district court determined that the applicable Guideline range for Dinsmore's offense was 18 to 24 months, and that the statutory maximum was 10 years. The district court, however, found that this range did not appropriately represent Dinsmore's criminal history and her likelihood of recidivism. The district court explained that Dinsmore committed both a theft and forgery offense each time she unlawfully cashed a SSI check amounting to over 700 criminal offenses that were never prosecuted. Moreover, the district court reasoned that Dinsmore's conduct during pretrial supervision shows that she is likely to commit another offense. Therefore, the district court increased the base offense level by two levels, to 15, reaching a new Guideline range of 24 to 30 months.

After considering the 18 U.S.C. § 3553 factors, the district court sentenced Dinsmore to 30 months' imprisonment. The district court assessed $167,486.00 in restitution and a three-year term of supervised release. Dinsmore, through her attorney, objected to the upward departure.

**B.**

Dinsmore appealed to this court challenging her sentence. Dinsmore's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding that her appeal did not present any meritorious issues because the plea agreement waived any right to directly appeal the district court's sentence. Dinsmore's attorney contemporaneously filed a motion to withdraw as counsel. Finding

4

the *Anders* brief inadequate, the court denied the motion to withdraw and directed Dinsmore's attorney to submit a merits brief or an adequate *Anders* brief.

Subsequently, the government filed a motion to dismiss arguing that the waiver in Dinsmore's plea agreement precluded her from filing a direct appeal. A motions panel denied the motion without prejudice to reconsideration by the merits panel. Dinsmore filed a reply to the government's motion arguing that her direct appeal is permitted because the district court sentenced her above the applicable Guideline range effectively negating the appeal waiver.

**II.**

An appeal waiver in a plea agreement is enforceable if the defendant's waiver of appellate rights was done knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012). Dinsmore does not challenge that she knowingly and voluntarily waived her appellate rights. And the motions panel recognized that "[t]he record demonstrates that the district court complied with the requirements of Rule 11 in accepting the guilty plea." Where a defendant knowingly and voluntarily waives her appellate rights, we can entertain challenges only to the validity of the waiver itself. *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012). Dinsmore argues that the appeal waiver in her plea agreement with the government does not bar her direct appeal because the district court sentenced her above the advisory Guideline range. To determine whether a claim raised on appeal falls within the scope of an appeal waiver, we apply a de novo review. *Toth*, 668 F.3d at 378.

As explained, Dinsmore waived any direct appeal of her conviction or sentence unless the district court imposed a sentence above the Guideline range or any applicable mandatory minimum sentence as "determined by the district court." Dinsmore argues that she is not bound by the appeal waiver because the district court's upward departure pursuant to U.S.S.G. § 4A1.3 creates a sentence

that is greater than the advisory Guideline range. Appellant Reply Br. at 3–4. We reject Dinsmore's argument.

Assuming an upward departure pursuant to U.S.S.G. § 4A1.3 results in an above-Guidelines sentence rather than an adjustment to the appropriate Guidelines range,[2] an issue we do not address in resolving this appeal, Dinsmore's broad appeal waiver precludes her from challenging the district court's determination that the appropriate Guideline range was 24 to 30 months. This result is dictated by *Beals*, a case in which multiple defendants pleaded guilty and/or were convicted of manufacturing and distributing methamphetamine. 698 F.3d at 254. One of the defendants, Pamela Miller, pleaded guilty but later challenged her sentence despite an appeal waiver in her plea agreement. *Id.* at 255. Miller's plea agreement precluded her from filing a direct appeal of her conviction or sentence except that she retained "the right to appeal a sentence imposed above the sentencing guideline range as determined by the district court." *Id.* On appeal, Miller argued that the district court misapplied the Guidelines. We held that Miller was precluded from challenging the district court's application of the Guidelines because of the broad appeal waiver in her plea agreement. *Id.* We reasoned that the language in Miller's appeal waiver, when reasonably read, deferred to the district court's *discretion* in calculating the appropriate Guideline range and permitted a challenge only if Miller's sentence exceeded the top end of the range *as calculated by the district court in its discretion*. *Id.* Because Miller's sentence did not exceed the top end of the range *the district court calculated*, we held that Miller's appeal waiver precluded our review. *Id.*

---

[2] *Compare United States v. Grams*, 566 F.3d 683, 686–87 (6th Cir. 2009) (per curiam) (explaining that a Guidelines "departure" results in the imposition of a sentence *outside* the advisory range), *with United States v. Smith*, 474 F.3d 888, 896 (6th Cir. 2007) (Gibbons, J, concurring) (reasoning that an upward departure pursuant to U.S.S.G. § 4A1.3 *adjusts* the Guidelines range resulting in a new advisory Guideline range), *abrogated on other grounds*, *Gall v. United States*, 552 U.S. 38 (2007).

In *Beals*, we cited *United States v. Giganti*, 405 F. App'x 31 (6th Cir. 2010), a case in which we held that a broad appeal waiver that waived the right to appeal any sentence " 'within or below the guideline range *as determined by the Court at sentencing*' " precluded "any challenge to the district court's Guidelines calculation." *Id.* at 256 (emphasis in original). In *Giganti*, we compared the waiver provision above to the waiver provision in *United States v. McCoy*, 508 F.3d 74, 78 (1st Cir. 2007), which waived the right to appeal any sentence that fell "within the guideline range." Although *McCoy* held that the appeal waiver preserved an appeal challenging an alleged miscalculation of the Guidelines range, we distinguished the appeal waiver in *McCoy* from the one in *Giganti*:

> The waiver provision at issue in *McCoy* is very different from the waiver provision at issue in Giganti's case. Giganti has not merely waived the right to appeal a sentence within the guidelines, he has waived the right to appeal a sentence "within or below the guideline range *as determined by the Court at sentencing*. . . ." Even the *McCoy* court noted that such a waiver provision could foreclose an appeal on the ground that the district court miscalculated the guideline range. *McCoy*, 508 F.3d at 78 n.4. [footnote omitted].

*Giganti*, 405 F. App'x at 37.

Here, after applying U.S.S.G. § 4A1.3, the district court determined that the appropriate Guideline range was 24 to 30 months. Dinsmore was sentenced to 30 months, a sentence that is within the Guideline range calculated by the district court. Even if the district court incorrectly reached the Guidelines calculation, Dinsmore's appeal waiver precludes her from challenging it on appeal. *Beals*, 698 F.3d at 256; *Giganti*, 405 F. App'x at 37. She agreed not to appeal her sentence if it was within the Guideline range as *determined by the district court*. The appeal waiver, therefore, bars her appeal.

Although this result may be harsh (if in fact the district court erred in its determination that 24 to 30 months was the correct Guidelines range), we "must give effect to the intent of the parties

as expressed by the plain language in the plea agreement." *Beals*, 698 F.3d at 256 (citation omitted). Had Dinsmore wished to preserve her right to appeal the district court's determination of the appropriate Guidelines range, she could have bargained for it at the time she entered into a plea agreement with the government. *Id.* at 255–56. For example, in *United States v. Deanda*, 450 F. App'x 498 (6th Cir. 2011), the defendant's plea agreement waived the right to appeal a sentence within or below the advisory Guideline range "except that the Defendant may appeal on grounds, preserved at sentencing, *that the Court incorrectly determined the guideline range*." *Id.* at 499 (emphasis added). In another case, *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008), the defendant agreed to waive the right to appeal unless the court "departed upwards" from the Guidelines. Dinsmore's appeal waiver does not contain similar language as that in *Deanda* or *Coker*. The plain language of Dinsmore's plea agreement precludes her appeal.

## III.

For the reasons explained above, we GRANT the government's motion to dismiss and DISMISS Dinsmore's appeal.