NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0139n.06

**No. 14-5454**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 20, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| REGIS BELL, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: BOGGS and MCKEAGUE, Circuit Judges; PEARSON, District Judge.**[*]

**BENITA Y. PEARSON, District Judge.** Defendant Regis Bell appeals the 63-month sentence imposed after he pled guilty to a lesser-included offense of conspiring to distribute at least 500 grams of cocaine and at least 28 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Bell asks us to determine whether the district court improperly refused to reduce his guidelines calculation by two levels and sentence him below the statutory mandatory minimum of 60 months. Because Bell pled guilty pursuant to a written plea agreement that contains an appeal waiver, the court must first determine whether the language of the waiver bars his appeal. For the reasons that follow, we hold Bell to his waiver and AFFIRM the sentence imposed by the district court.

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

## I.

The government charged Regis Bell and fourteen other individuals with conspiring to distribute five kilograms or more of cocaine and 280 grams or more of crack. After the appointment of counsel, Bell agreed to plead guilty to a lesser-included offense: conspiracy to distribute at least 500 grams of cocaine and at least 28 grams of crack. In a written plea agreement, Bell agreed "not to file a direct appeal of [his] conviction(s) or sentence except [he] retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court."

The presentence report recommended 57 to 71 months of imprisonment as the advisory Guidelines range for Bell for an effective range of 60 to 71 months, after the statutory-minimum of five years is considered. Both Bell and the government indicated they had no objections to the presentence report. Bell, however, sought a sentence below the advisory Guidelines range and below the statutory minimum of five years. Bell challenges his sentence, claiming that the court improperly refused to apply a two-level reduction promised by the then-proposed Guidelines Amendment 782 (which went into effect on November 1, 2014) and refused to acknowledge an anticipated reduction in the five year mandatory minimum; and that the sentence imposed was greater than necessary under 18 U.S.C. § 3553(a).

The district court sentenced Bell to 63 months. The 60-month statutory minimum served as a platform, with three months added because Bell's criminal history includes two prior drug convictions.[1]

## II.

In his brief, Bell neglected to mention that his plea agreement contained an appeal waiver clause. The government argues that Bell's appeal is precluded by the waiver. We agree and, therefore, dismiss Bell's appeal.

We review *de novo* the question of whether an appeal is precluded by a waiver. *United States v. Toth,* 668 F.3d 374, 378 (6th Cir. 2012).

As the court has stated, "[t]he law in this area is well-settled: 'Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily.'" *United States v. Beals*, 698 F.3d 248, 255 (2012) (quoting *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004)). The court will also "look to see if the claim raised on appeal falls within the scope of the appellate waiver," *Toth*, 668 F.3d at 378, and must "give effect to the intent of the parties as expressed by the plain language of the plea agreement." *Beals*, 698 F.3d at 256.

The waiver language in Bell's plea agreement is broad and nearly identical to that in *Beals*, in which the court found that the waiver "defers to the district court's discretion in

---

[1]The court explained: "Mr. Bell, I'm not going to sentence you right at the bottom, but I'm going to give you just a few months more, about three months more because . . . [y]ou do have some criminal history here and you need to understand that bad things happen if you keep doing this kind of stuff."

calculating [Defendant]'s Guidelines range and permits [the defendant] to challenge the resulting sentence only if it exceeds the top end of the range the court calculates." *Id.* at 255.

In this case, the district court sentenced Bell to a within-Guidelines term of incarceration. Because Bell's sentence does not exceed the top end of the Guidelines range determined by the district court (and this range exceeds the 60-month minimum), the appeal waiver squarely precludes Bell's appeal. Bell does not acknowledge the waiver or claim it was not knowingly and voluntarily made. If Bell foresaw an appeal based on the district court's failure to impose a sentence below the calculated guidelines range or failure to properly determine the range, he could have further negotiated his plea agreement to so reflect. *See, e.g., United States v. Deanda*, 450 F. App'x 498, 499 (6th Cir. 2011) (plea agreement stated that defendant "waives the right to appeal a sentence that is within or below the guideline range as determined by the Court at sentencing . . . except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range."). Ultimately, Bell did not bargain for the right to appeal the district court's Guidelines calculation.[2]

## III.

For the reasons set forth above, we AFFIRM the judgment of the district court.

---

[2]   Typically, a sentencing court may not depart below a statutory minimum unless the government moves for such a departure under either 18 U.S.C. § 3553(e) or (f). Because neither occurred in this case, it is unnecessary to decide whether the court improperly applied the statutory minimum.