**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0632n.06
Case Nos. 19-4058/4094

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Nov 05, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE NORTHERN |
| DAEMONTE D. SIMS, | ) | DISTRICT OF OHIO |
|  | ) |  |
| Defendant-Appellant. | ) |  |

**O P I N I O N**

BEFORE: McKEAGUE, THAPAR, and LARSEN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Daemonte Sims appeals his sentence following his guilty plea for being a felon in possession of a firearm. Sims argues that the district court should have applied a downward departure under USSG § 5K2.12 because he committed the offense under duress, and that his trial counsel was ineffective for failing to call witnesses in support of his argument for a downward departure. Because Sims waived his right to appeal a within-the-guidelines sentence in his plea agreement, and because the record is insufficiently developed to allow for review of his ineffective assistance of counsel claim, we **AFFIRM** the judgment of the district court.

**I.**

On January 26, 2019, Sims was arrested for possessing a firearm. At the time of the offense Sims was serving a term of supervised release on a 2012 federal felony conviction. Sims was

indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He plead guilty to this count pursuant to a plea agreement in accordance with Federal Rule of Criminal Procedure 11(c)(1)(A).

In the plea agreement, Sims and the government agreed that Sims's base level offense under the United States Sentencing Guidelines was 20, pursuant to USSG § 2K2.1(a)(4)(B), and that he would receive a 3-level reduction for acceptance of responsibility under USSG § 3E1.1(a) and (b). The parties also agreed that no other specific offense characteristics, Guideline adjustments, or Guideline departures applied. The plea agreement provided that Sims waived his right to appeal his sentence in the event the court imposed a sentence below the statutory maximum penalty or within the Guideline range based on the total offense level agreed to by the parties and the criminal-history category as determined by the court.

In the final Presentence Report ("PSR"), the probation officer found Sims's total offense level was 17, accounting for a base offense level of 20 and a 3-level reduction for acceptance of responsibility. USSG § 2K2.1(a)(4)(B); USSG § 3E1.1(a), (b). Sims's criminal history category was calculated to be six (VI), resulting in a Guideline sentencing range of 51–63 months' imprisonment. Sims did not object to the Guideline calculations in the PSR.

At sentencing, the district court calculated Sims's total offense level at 17 and his criminal history category as VI. Sims did not object. Counsel for Sims argued that Sims was entitled to a downward variance based on the fact that Sims witnessed his friend's murder, that another one of his friends was murdered shortly thereafter, and that Sims was also a target and had a $40,000 bounty on his head, compelling him to secure a firearm in order to protect himself and his pregnant girlfriend.

The court gave Sims "some consideration for the circumstances in which he found himself" and sentenced him to a within-the-guidelines sentence of 57 months' imprisonment. For violating the terms of his 2012 supervised release, the court sentenced him to 18 months' imprisonment, to be served consecutively to the 57-month sentence.

He now appeals.

## II.

### A. Plea Agreement Waiver

The government argues that Sims waived his right to appeal a within-the-guidelines sentence pursuant to his plea agreement, barring this Court from considering Sims's challenge to his sentence. Sims does not address the waiver in his briefing.

The plea agreement provides that Sims "expressly and voluntarily waives" his rights to appeal or collaterally attack his conviction and sentence, unless his sentence is "in excess of the statutory maximum" or "exceeds the maximum of the sentencing imprisonment range determined under the Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court." The terms of Sims's waiver are broad. He waived his right to appeal any sentence unless it exceeded the statutory maximum penalty or the Guideline range based on the total offense level agreed to by the parties and the Court's determination of the criminal history category. Sims's sentence of 57 months (4.75 years) was well below the statutory maximum sentence of 10 years and was within the Guideline range of 51 to 63 months. And the Guideline range was calculated based on the parties' agreed to offense level of 17.

Plea agreements are contractual in nature and we enforce them according to their terms. *See, e.g.*, *United States v. Beals*, 698 F.3d 248, 256 (6th Cir. 2012) ("We must give effect to the intent of the parties as expressed by the plain language in the plea agreement."); *United States v. Moncivais*, 492 F.3d 652, 662 (6th Cir. 2007). If Sims wished to negotiate an agreement in which he preserved his full appellate rights, he was free to do so. But ultimately he did not bargain for the right to appeal a within-the-guidelines sentence. *See United States v. Bell*, 601 F. App'x 396, 398 (6th Cir. 2015) (enforcing the plain language of a plea agreement that waived the defendant's right to appeal a sentence unless it exceeded the Guidelines range as determined by the court).

The law in this area is well settled. "Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily." *Beals*, 698 F.3d at 255 (quoting *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004)). "When they do so, '[o]nly challenges to the validity of the waiver itself will be entertained on appeal.'" *Id.* (quoting *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012)). Sims does not acknowledge the waiver, nor does he claim it was not knowingly and voluntarily made.

Nonetheless, the record demonstrates that Sims knowingly and voluntarily waived his right to appeal his sentence. Sims initialed each page of the plea agreement and signed the last page, which the district court confirmed during the change of plea hearing. During the hearing, the court also confirmed that Sims reviewed the plea agreement with his attorney and that he understood its terms. In regards to the plea waiver, the court explicitly asked Sims if he understood that "except under limited circumstances, you are giving up your right to appeal your conviction and sentence in this case, and that you are giving up your right to challenge your conviction and sentence at a later time, again, except in very limited circumstances?" Sims stated that he understood.

Adhering to the plain language of the plea agreement and finding no evidence that the waiver was not knowingly and voluntarily made, we hold that Sims's challenge to his sentence is foreclosed by his waiver.

B. *Ineffective Assistance of Counsel*

Sims's remaining claim is not barred by his appellate waiver because the plea agreement expressly reserves his right to bring claims of ineffective assistance of counsel. Sims argues that his trial counsel was ineffective for failing to call witnesses at his sentencing hearing that would have testified that Sims witnessed a murder and had a $40,000 bounty on his head to further support his argument that he committed the offense under duress and was entitled to a downward departure under § 5K2.12.

This Court does not generally review claims of ineffective assistance on direct review, and we find no reason to do so here. *See, e.g.*, *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) ("[W]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." (quoting *Massaro v. United States*, 538 U.S. 500, 504–05 (2003))). The record is insufficiently developed to examine Sims's claim of ineffective assistance of counsel. It contains no information pertaining to trial counsel's discussions with Sims regarding the plea agreement, nor any information about defense counsel's strategy in choosing not to call witnesses at the sentencing hearing. *See United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005) ("[T]he appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." (quoting *Massaro*, 538 U.S. at 505)).

Thus, because we do not have the facts necessary to decide whether trial counsel was ineffective, Sims's claim is "more appropriately raised in the first instance in post-conviction proceedings." *Ferguson*, 669 F.3d at 763.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.