**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0757n.06

No. 09-2548

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| MICHAEL DAVID HOWER, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and GIBBONS, Circuit Judges; STEEH, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge.  Michael David Hower, appeals the sentence imposed following his guilty plea to charges of sexual exploitation of a child and receipt of child pornography.

Hower entered into a plea agreement in which he agreed to plead guilty to the above two charges in exchange for having two other charges dismissed.  The district court accepted Hower's plea, and a presentence report was prepared.  Hower's guidelines sentence was calculated at life imprisonment, but the statutory maximums for the two charges were thirty and twenty years, respectively.  The district court sentenced Hower to the maximum on both counts, but with only sixty months of the second sentence to run consecutive to the first sentence, for a total of 420 months of imprisonment.

---

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

On appeal, Hower argues that the district court erred in finding that he engaged in a pattern of sexual abuse, which resulted in a five-level enhancement under USSG §§ 2G2.2(b)(5) and 4B1.5(b). He also argues that his sentence is substantively unreasonable. The government moves to dismiss the appeal because Hower's plea agreement waived his right to appeal his sentence. Hower responds that the sentence is illegal and can therefore be appealed notwithstanding the waiver.

We review de novo the question of whether a criminal defendant waived his right to appeal. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). Where a defendant has knowingly and voluntarily waived his right to appeal, this court is bound by the plea agreement and will not review a sentence except in limited circumstances. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).

In his plea agreement, Hower stated that he waived his right to appeal the sentence and the manner in which the sentence was determined "on any ground whatever." The district court explained to Hower that appeal was waived as long as the sentence was within the statutory maximum and was not otherwise illegal. Hower and his counsel agreed with this description of the agreement. Hower's knowing and voluntary waiver of his right to appeal is enforceable. *See, e.g., United States v. Coker*, 514 F.3d 562, 573-74 (6th Cir. 2008).

Hower's argument that his sentence is illegal is without merit, as the sentence does not exceed the statutory maximum and is not based on any constitutionally prohibited factor, nor will any miscarriage of justice occur if the sentence is not reviewed. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

Because Hower waived his right to appeal his sentence, we need not address the merits of the issues raised in his appellate brief. The government's motion to dismiss the appeal is granted.