**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0233n.06

No. 10-1705

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Feb 28, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| TONY JAMEL LEE, aka Bop, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, ROGERS, and WHITE, Circuit Judges.

PER CURIAM. Tony Jamel Lee appeals his conviction and sentence. The government has moved to dismiss Lee's appeal based on an appellate-waiver provision in his plea agreement. Lee has moved to unseal certain documents filed in this court.

Pursuant to a plea agreement, Lee pleaded guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court determined that Lee's total offense level was 33 and that his criminal history category was IV, resulting in a guideline range of imprisonment of 188 to 235 months. The court sentenced Lee to 168 months in prison. Lee appealed, arguing that the district court made several errors in determining his sentence and that he was denied the right to a public proceeding.

The government moved to dismiss Lee's appeal based on an appellate-waiver provision in his plea agreement. We review de novo "whether a defendant waived his right to appeal his sentence in a valid plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). "It is

well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *Id.* (internal quotation marks and citation omitted).

Lee's plea agreement provided that he could withdraw his guilty plea only "if the Court decides to impose a sentence higher than the maximum allowed by Part 3 [of the agreement]." The plea agreement likewise provided that Lee waived any right to appeal his conviction or sentence unless his sentence "exceed[ed] the maximum allowed by Part 3 of this agreement." The "maximum allowed" sentence in Part 3 is "the top of the sentencing guideline range as determined by Paragraph 2B." The only guideline range identified in Paragraph 2B is the government's non-binding recommendation of 168 to 210 months, which was based on calculations set forth on several worksheets attached to the plea agreement. Those worksheets reflected that Lee's total offense level was 33 and that his criminal history category was III. Paragraph 2B also stated that, if the district court determined that Lee's criminal history category was higher than the level reflected on the worksheets and if that determination resulted in a higher guideline range than was recommended, the higher range would become the recommended range.

At the guilty plea hearing, Lee acknowledged that, under the terms of the plea agreement, he could not withdraw his plea if the district court accepted the government's recommended sentencing range and imposed a sentence within that range. Lee further acknowledged that he was waiving his right to appeal his conviction and sentence "as long as that sentence is not above the high end of the guideline range." At the sentencing hearing, the district court determined that Lee's criminal history category was IV, rather than III as recommended by the government, resulting in a guideline range of 188 to 235 months. The court's adoption of the higher sentencing range made it the relevant

range for purposes of Paragraph 2B. *See United States v. Keller*, 665 F.3d 711, No. 10-1901, 2011 WL 6057913, at \*2-3 (6th Cir. Dec. 7, 2011).

Because Lee's sentence of 168 months did not exceed the guideline range provided by the plea agreement, the condition of his appellate-waiver provision was satisfied, and he is bound by it. *See id.* at \*1, \*4-5. Further, despite Lee's arguments to the contrary, his guilty plea was knowing and voluntary according to the criteria set out in *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007), and enforcing his appellate-waiver provision will not result in a miscarriage of justice or undermine the proper functioning of the federal courts.

Accordingly, we grant the government's motion to dismiss Lee's appeal and deny as moot Lee's motion to unseal documents.

**HELENE N. WHITE, Circuit Judge**, concurring.

I cannot agree that Lee unambiguously waived the right to appeal his sentence. Pursuant to Paragraph 2B, Lee's plea agreement states that he cannot "withdraw his guilty plea" if the district court disagrees with his arguments as to drug quantity. Likewise, at the plea hearing, the district court asked Lee, "if I decide that the range is 168 to 210, and I decide that the sentence should be 210 or below, under those circumstances after today's date, you **could not withdraw your plea**, you understand?" The plea agreement is ambiguous at best. *See, e.g., United States v. Bowman*, 634 F.3d 357, 360 (noting that ambiguities in a plea agreement must be construed against the government).

Nevertheless, after reviewing Lee's objections to his sentence, I join in the affirmance because I find no sentencing error.